IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES LADOV and ANNE )
B. LADOV, )
    Plaintiffs, )
)
v. ) Civil Action No. 08-0323
)
FLORENCE MENDELSON, )
    Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,                                 March 21, 2008
District Judge

    This is an action in breach of contract. Plaintiffs, Charles and Anne Ladov ("The Children"), allege that defendant, Florence Mendelson ("Wife"), has breached the prenuptial agreement that she entered with their now deceased father ("Husband"). The children claim that as a result of this breach they have been denied access to personal property, and have suffered monetary losses. Among the requests for monetary relief is a claim for approximately $631,000, which is the amount of Husband's ERISA pension plan promised to The Children in the prenuptial agreement and Husband's will.

    Wife removed the case to this court from the Court of Common Pleas of Allegheny County, Pennsylvania. The Children have filed a motion to remand arguing that ERISA does not provide a basis for federal jurisdiction under the facts of this case [doc. no. 5]. The Children also seek an award of attorneys fees and costs incurred in filing their motion to remand.

For the reasons set forth below, the motion to remand will be granted, and this case will be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania. The motion for fees and costs will be denied.

I.   BACKGROUND

This is a familial dispute between Husband's two adult children from a previous marriage and Husband's second wife. Prior to marrying, Husband and Wife entered into a prenuptial agreement. One goal of the agreement was to guarantee certain payments and property to The Children, despite the superior legal rights that Wife would have under the law. Husband died shortly after he married Wife due to a terminal illness. The Children contend that Wife has failed to abide by the terms of the prenuptial agreement in various respects.

The Children filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on February 14, 2008 based on Wife's alleged breached of the prenuptial agreement. In the complaint, The Children contend that Wife has, among other things, refused to allow them to collect personal items from the home, such as photo albums, clothing, and paintings, refused to return their personal property that was being stored at the home, and refused to execute the waiver necessary to allow Anne to sell her residence, which was in Husband's name, but passed to Anne under Husband's will.

In addition, The Children allege that Wife has failed to pay them $631,000, which represents the value of Husband's ERISA pension plan prior to marrying Wife. According to The Children, Husband intended this portion of the pension plan to be paid to The Children, not Wife. In order to ensure this result, the prenuptial agreement required Wife, upon request, to execute a waiver of her surviving spouse rights to the pre-marital portion of the ERISA plan benefits. Husband, through his counsel, asked Wife to execute the required waiver form. However, Wife did not execute that waiver. Therefore, the plan paid all of the plan assets, totaling nearly one million dollars, to Wife.

The Children recognize that, as the surviving spouse, absent a valid waiver, Wife was entitled under ERISA jurisprudence and the plan terms to collect all of the plan assets. The Children also recognize that Wife is entitled to keep that portion of the plan assets that represents the value added and accrued from the date of her marriage to Husband. However, The Children contend that they are entitled to a payment from Wife of approximately $631,000. According to The Children, they suffered damages in this amount as a result of Wife failing to execute a valid waiver of her surviving spousal rights, as she was obligated to do under the prenuptial agreement.

3

II. LEGAL AUTHORITY

A. Removal

When parties dispute whether subject matter jurisdiction exists on removal, defendant bears the burden of proving the statutory requirements. Samuel-Bassett v. KIA Motors Amer., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, the removal statutes are to be strictly construed against removal, with all doubts being resolved in favor of remand." Samuel-Bassett, 357 F.3d at 396; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

In removal cases, subject matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court at the time the petition for removal is filed. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993); Westmoreland Hosp. Ass'n v. Blue Cross of W. Penn., 605 F.2d 119, 124 (3d Cir. 1979); Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 135 (3d Cir. 1976). Under the "well-pleaded complaint" rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint. See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-12 (1983); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

B.  Award of Fees and Costs

An order remanding a case may include an award costs and fees incurred as a result of the removal. 28 U.S.C. § 1447(c). Such an award is warranted where "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

III.  DISCUSSION

A. Motion to Remand

There is no basis for federal jurisdiction over this breach of contract case, born from a familial dispute.

Wife alleges in her Notice of Removal that this court has federal question jurisdiction over this case because ERISA governs all claims for benefits under Husband's plan and sets forth specific requirements that must be met in order for a surviving spouse to waive her right to receive benefits. Notice of Removal [doc. no. 1] at ¶ 13. While these statements may be correct, as a general matter, they do not control the outcome in this case.

The facts do not support Wife's contention that this contract dispute is really an ERISA case. The Children are not seeking benefits under an ERISA plan; they recognize that because Wife never executed a waiver, under ERISA jurisprudence and the terms of the plan, Wife was entitled to receive the plan benefits as the surviving spouse of Husband. The Children are not seeking a determination as to whether Wife's spousal waiver meets the

5

requirements of ERISA; there is no dispute that Wife refused to execute any waiver form either before or after Husband's death. Rather, The Children are seeking to recover damages they suffered as a result of Wife's breach of her promise in the prenuptial agreement to execute a waiver form upon request. See Complaint [doc. no. 1, Ex. A] at ¶ 1 ("This is a complaint...arising out of Mendelson's breach of a prenuptial agreement..."). According to The Children, this element of their damages claim is approximately $631,000.[1]

### B. Motion for Fees and Costs

The Children have asked that we award them the costs and fees that they incurred as a result of Wife's removal. According to The Children, Wife lacked an objectively reasonable basis for removing this action. Although we have ultimately decided to grant the motion to remand, we cannot say that Wife lacked any basis on which to file the notice of removal.

---

1. The fact that The Children have asked, among other things, that a constructive trust be imposed does not change this analysis. Duffy v. Duffy, 2006 WL 1443895, at *4 (N.D. Ill. May 19, 2006) ("It is simply not enough to invoke federal jurisdiction that some of the funds used to satisfy [a] claim may come from an ERISA-governed plan.")

6

IV. CONCLUSION

We do not have subject matter jurisdiction over this breach of contract case. Therefore, the case must be remanded to the state court where it was originally filed.

An award of fees and costs is not warranted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES LADOV and ANNE )
B. LADOV, )
     Plaintiffs, )
)
v. ) Civil Action No. 08-0323
)
FLORENCE MENDELSON, )
     Defendant. )

## ORDER

AND NOW, this 21 day of March, 2008, IT IS HEREBY ORDERED that plaintiffs' motion to remand [doc. no. 5] is GRANTED. Plaintiffs' motion for fees and costs [doc. no. 5] is DENIED.

This case is remanded to the jurisdiction of the Court of Common Pleas of Allegheny County, Pennsylvania.

The Clerk of Court is directed to mark this case as CLOSED.

BY THE COURT,

_____, J.

cc: All Counsel of Record